UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHANNA IMMELT,

    Plaintiff,

  v.

STATE OF WASHINGTON DEPARTMENT OF LICENSING, REAL ESTATE APPRAISER PROGRAM, *et al.*,

    Defendants.

CASE NO. 3:20-cv-05617-BHS

REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* APPLICATION

Noted September 18, 2020

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* ("IFP"), which the District Court has referred to the undersigned. *See* Dkt. 3. The Court recommends that the District Court *sua sponte* dismiss plaintiff's claims against the Real Estate Appraiser Program. Regarding the remaining claims, the IFP application should be granted.

**BACKGROUND**

Plaintiff seeks to bring suit under § 1983 against the Washington State Department of Licensing Real Estate Appraiser Program ("the Program"); the Program's program manager, Dee Sharp; and the Program's professional licensing manager, Tambra McGowan. *See* Dkt. 1-1, at 2.

According to plaintiff, a Washington State regulation requires that an applicant for an appraiser's license accumulate 2,000 hours of experience before sitting for the licensing exam. *See* WAC 308-125-070(1). Plaintiff alleges that in 2019, she sought to take the State Appraiser Licensing Examination, but that defendants did not allow her to sit for the examination because "they erroneously claimed that she had accumulated only 1,934 hours instead of the required 2,000 hours[.]" Dkt. 1-1, at 6. She alleges that in the past, defendants had approved her accumulated hours and had written a letter permitting her to take the exam "based upon the exact same data." Dkt. 1-1, at 6. Plaintiff challenges defendants' characterization of certain of her logged hours.

Plaintiff argues that the regulation that defendants cited in denying her permission to sit for the exam, WAC 308-125-075, is void for vagueness and violates Equal Protection. Dkt. 1-1, at 5. She seeks damages and injunctive relief—namely, an order requiring defendants to allow her to sit for the exam. Dkt. 1-1, at 9.

## DISCUSSION

### I. Financial Eligibility

The Court recommends granting plaintiff's IFP application, as her combined household income is below 200% of the poverty line for a five-person household ($61,360). *See* Dkt. 3; *see also* U.S. Federal Poverty Guidelines for 2020, https://aspe.hhs.gov/poverty-guidelines (last visited August 20, 2020). Moreover, plaintiff states that she has less than $500 in available cash. *See* Dkt. 3, at 2. Thus, plaintiff cannot afford to pay the Court's $400 filing fee for this action.

### II. Claims against the Program

Where a plaintiff seeks to proceed IFP, the Court "shall" dismiss the case if the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).  Here, plaintiff seeks to bring claims against the Program under § 1983.  However, plaintiff cannot bring claims against the Program because the Eleventh Amendment bars such claims in federal court.  *See Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001), *amended*, 271 F.3d 910. Although strictly speaking, plaintiff brings suit against a state agency (the Program) and not the state itself, for purposes of the Eleventh Amendment, a suit against a state agency is the same as a suit against the state.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate.  *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).  Here, plaintiff cannot amend her complaint to state a cognizable claim against the Program, so that amendment would be futile.  The Court should not offer plaintiff an opportunity to amend her claims against the Program before dismissing the Program from this action.

Finally, the Court notes the *Ex Parte Young* doctrine, which is an exception from Eleventh Amendment immunity for suits against officials in their official capacities for prospective injunctive relief—which includes some of plaintiff's claims here.  *See Douglas*, 271 F.3d at 818.  The Court finds that plaintiff has stated cognizable claims against the individual defendants, although the Court cautions plaintiff that this finding is for screening purposes only and does not mean that these claims will necessarily survive a motion to dismiss or summary judgment motion.

///

**CONCLUSION**

For the reasons set forth above, the Court should dismiss all claims against the Real Estate Appraiser Program, should dismiss the Program from this action, and should grant plaintiff's *in forma pauperis* application regarding the remaining claims.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 18, 2020, as noted in the caption.

Dated this 21st day of August, 2020.

J. Richard Creatura
United States Magistrate Judge