|     |     |
| --- | --- |
| 1   |     |
| 2   |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| JOHANNA M. IMMELT, | CASE NO. C20-5617 BHS |
| --- | --- |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| v. | |
| TAMBRA MCCOWAN, DEE SHARP, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Johanna Immelt's ("Immelt") motion to appoint counsel. Dkt. 10.

On October 6, 2020, the Court granted Immelt's motion for leave to proceed *in forma pauperis* and granted her leave to file an amended complaint. Dkt. 5. That same day, Immelt filed an amended complaint against Defendants Tambra McCowan and Dee Sharp ("Defendants") alleging that their denial of her application to sit for the State Appraiser Licensing Exam violated her equal protection and due process rights. Dkt. 6. On October 15, 2020, Immelt filed the instant motion requesting court appointed counsel. Dkt. 10.

1       There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

      In this case, Immelt has failed to establish exceptional circumstances at this point. Immelt is able to articulate her claims and, at this point, the claims do not seem complex. The Court may reevaluate this assessment of Immelt's claims if subsequent issues arise. Therefore, the Court **DENIES** Immelt's motion without prejudice.

      **IT IS SO ORDERED**.

      Dated this 9th day of November, 2020.

BENJAMIN H. SETTLE
United States District Judge